CHARLES SPENCER, Appellant, *v.* THE STATE OF NEW YORK, Respondent.

Where a claim has been wholly rejected by the Board of Claims, to sustain an appeal, the right to recover some sum must so conclusively appear as to raise a question of law, or there must have been some material and erroneous ruling adverse to the claimant.

Upon the hearing of a claim for damages to a farm by the overflow of a creek alleged to have been caused by water, which escaped through a defective dam built by the state across said creek, but which the state claimed was caused by freshets, the state was allowed to prove under objection and exception that obstructions created by bridges and railroad embankments below said farm hindered the discharge of the waters of said creek, *Held*, no error; that such evidence was relevant in considering the effect of freshets and their tendency to produce an overflow.

(Argued June 13, 1892; decided October 11, 1892.)

APPEAL from award by the Board of Claims made September 11, 1889, awarding the claimant nothing.

The following is the opinion in full:

" The right of the claimant to damages against the state, occasioned, as alleged, from the overflow of Butternut creek upon his lands in the winter and spring of 1886 and 1887, depended upon a question of fact.

" It was contended on the part of the claimant that the overflow was caused by the discharge into the creek of water from the long level of the Erie canal at a point over Butternut creek, which escaped through a defective dam built by the state across the canal immediately east of the point where the canal passes by an aqueduct over the creek, and was discharged through an opening in the flooring of the aqueduct into the creek below.

" It was contended on the other hand by the state that the overflow was caused by unusual freshets which occurred at intervals during the winter and spring, which surcharged the creek beyond its capacity, whereby the water overflowed its banks and was discharged on the lands of the claimant and other lands in the vicinity, and there remained until April, 1887. This was the issue litigated before the Board of Claims, and the board decided adversely to the claimant on the ground, as stated in their report, ' that the overflow of the farm of the claimant, and the injury and damage sustained by him by reason thereby, were caused by and the result of the heavy rains and freshets aforesaid.'

" The issue involved a question of fact purely, and its determination presents no question of law, unless it appears that there was an absence of all evidence to support the finding above recited, and that evidence was given by the claimant tending to show that the overflow and damages were attributable in whole or in part to the action of the state. There was no substantial controversy on the trial as to the fact that water was discharged during the winter through openings in the aqueduct into Butternut creek above the lands of the claimant. But there is a considerable discrepancy in the evidence as to the quantity so discharged. To the extent of such discharge it of course increased the volume of water flowing in

the creek and presumably added to the overflow, and if the addition from this source produced or contributed to the damage sustained by the claimant, he was entitled to compensation.

"There was evidence from which the board might have found that the overflow and consequent damage were to an appreciable extent caused by the discharge of the water from the canal. It is unnecessary for us to express an opinion upon the weight of evidence upon this point, as we have no jurisdiction to consider it since by the terms of the statute vesting in this court jurisdiction of appeals from awards of the Board of Claims, appeals can be taken 'Upon questions of law only arising upon the hearing of the claim, or upon the excess or insufficiency of such award or order' (Laws of 1887, chap. 507). Where a claim is wholly rejected and no award of any sum is made, the right to recover some sum must conclusively appear in order to raise a question of law, or there must have been some material and erroneous ruling adverse to the claimant, which prejudiced him in the prosecution of his case.

"In opposition to the case made by the claimant there was considerable evidence given in behalf of the state, tending to show that large and almost unprecedented freshets occurred from time to time during the winter, on and after December 1, 1886, which largely increased the volume of water in the creek and caused the overflow; that large tracts of land within the town, not affected by the waters of the creek, were overflowed; that by reason of the lower level of the lands of the claimant and the want of any sufficient outlet, and the detention by ice, the water remained on the land. In short there was evidence tending to show or from which it could be inferred, that the discharge from the canal did not occasion the overflow, and that the whole injury would have been sustained if no water from the canal had been discharged into the creek.

"Under such a state of the evidence we cannot review the finding of the Board of Claims upon the fact litigated.

"The counsel for the claimant refers to several exceptions to evidence. We think it was competent for the state to show the obstructions created by bridges and railroad embankments below the farm of the claimant, hindering the discharge of the

water in the creek. It was relevant in considering the effect of the freshets and their tendency to produce an overflow. The evidence admitted against the objection of the claimant, to the effect that the building of the Jamesville reservoir had impaired the condition of the claimant's lands, and that freshets had been less frequent since the reservoir was constructed, was, we think, incompetent.

" But in view of the ground on which the decision was placed, this evidence could not have affected the result, and was harmless.

" Upon the whole, we see no ground upon which this court can interfere with the award.

" The award should be, therefore, affirmed with costs."

*T. E. Hancock* for appellant.

*S. W. Rosendale, Attorney-General,* for respondent.

*Per Curium* opinion for affirmance.
All concur, except MAYNARD, J., taking no part.
Award affirmed.